# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**TAYWYN MASON,**

    **Plaintiff,**

v.

    Civil Action 2:19-cv-4502
    Judge Sarah D. Morrison
    Chief Magistrate Judge Elizabeth P. Deavers

**RICHARD DAVIS,**
*et al.*,

    **Defendants.**

## INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, Taywyn Mason, an Ohio resident proceeding without the assistance of counsel who was previously incarcerated at Pickaway Correctional Institution ("PCI"), brings this action under 42 U.S.C. § 1983 against Richard Davis, Ernest Newland, and Tadd Sickle, alleging violations of his rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. This Court previously granted Plaintiff leave to proceed *in forma pauperis* in this action. (ECF No. 7.)

This matter is before the Court for an initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action for failure to state a claim upon which relief may be granted.

1

# I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule

---

[1] Formerly 28 U.S.C. § 1915(d).

8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

At all times relevant to the Complaint, Plaintiff was an inmate at PCI. (*See generally* Complaint, ECF No. 8 ("Compl.").)[1] Plaintiff alleges that Defendant Davis, PCI's institutional inspector, investigates rule violations and improperly accused Plaintiff of receiving contraband cell phones and kissing a PCI staff nurse, apparently resulting in Plaintiff losing his job at PCI and receiving a conduct report. (*Id*. at ¶¶ 2, 6–11.) According to Plaintiff, Defendant Newland, a PCI sergeant, improperly re-wrote the conduct report, which still accused Plaintiff of violating the rule related to receiving contraband (cell phones). (*Id*. at ¶¶ 3, 12–13.)

Defendants Newland and Sickle were the factfinders at Rules Infraction Board ("RIB") hearing on this conduct report and Defendant Sickle also acted as the RIB chairman. (*Id*. at ¶¶ 4, 14.) According to Plaintiff, "evidence was not produced at the hearing" and his written request to be present at the hearing was denied. (*Id*.) Plaintiff appealed the guilty verdict following the RIB hearing, but PCI's Warden upheld the verdict. (*Id*. at ¶ 15.)

Plaintiff names Defendants in their individual and official capacities. (*Id*. at 1 (caption).) Plaintiff alleges that Defendant Davis violated his Fourteenth Amendment rights "by charging the plaintiff with a rule violation when his investigation had not produced a scintilla of evidence to support the charge, thereby setting off a continuence [sic] of" constitutional violations. (*Id*. at ¶ 19.) Plaintiff further alleges that Defendant Newland, when acting as a RIB hearing officer, violated Plaintiff's Fourteenth Amendment rights by "withdrawing the conduct report then having it rewritten for a rule violation that is not within the rule . . . then sitting on the RIB panel as a fact finder to listen to the written report[.]" (*Id*. at ¶ 20.) Plaintiff also alleges Defendant Sickle, as the RIB chairman, violated Plaintiff's due process rights when he "let the conduct

---

[1] Plaintiff was released from PCI after he filed this action. (ECF Nos. 2, 3, 4.)

report be heard when there were [sic] not a 'Scintilla' of evidence to support a violation of an unknown person and no cellphones was [sic] produced in court or on flim [sic]!" (*Id*. at ¶ 21.) Plaintiff seeks a declaration that Defendants violated his due process rights and injunctive relief in the form of removing "the conduct report from plaintiff's files and all record of such report[.]" (*Id*. at ¶ 22(A), (B).) Plaintiff also seeks monetary damages. (*Id*. at ¶ 22(C), (D).) Plaintiff's claims are addressed in turn.

A. **Request for Monetary Damages Against Defendants in Their Official Capacities**

As a preliminary matter, Section 1983 does not permit Plaintiff to bring his claim for money damages against the Defendants in their official capacities. Section 1983 imposes liability only upon a "person" who, under color of law, subjects another person to a deprivation of federal rights. 42 U.S.C. § 1983. In suits for damages, state officials acting in their official capacity are not "persons" under Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff's Section 1983 claims for money damages against the Defendants in their official capacities, therefore, are not cognizable. *See Gean v. Hattaway*, 330 F.3d 758, 766 (6th Cir. 2003). Accordingly, it is **RECOMMENDED** that Plaintiff's claim for monetary damages against Defendants in their official capacities be **DISMISSED** for failure to state a claim upon which relief may be granted.

B. **Request for Declaratory and Injunctive Relief**

As set forth above, Plaintiff seeks declaratory and injunctive relief. (Compl., ¶ 22(A), (B).) Specifically, Plaintiff seeks a declaration that Defendants violated his due process rights and seeks an order directing "defendants and/or their agents" to "[i]mmediately remove the conduct report from plaintiff's files and all record of such report." (*Id*.)

A federal court's exercise of judicial power is limited to actual, continuing "Cases" or "Controversies." U.S. Const. art. III, § 2, cl. 1. The mootness doctrine, a corollary of Article III's case-or-controversy requirement, "provides that although there may be an actual and justiciable controversy at the time the litigation is commenced, once that controversy ceases to exist, the federal court must dismiss the action for want of jurisdiction." 15 James Wm. Moore, *et al.*, Moore's Federal Practice § 101.9, at 101–238 (3d ed. 2011). Accordingly, when an inmate files suit against prison officials at the institution of his incarceration based upon those officials' wrongful conduct, seeking declaratory and injunctive relief, and that inmate is subsequently transferred or released, courts routinely dismiss the declaratory and injunctive relief claims as moot. *Sossamon v. Texas*, 563 U.S. 277, 304 (2011) (citations omitted) ("A number of . . . suits seeking injunctive relief have been dismissed as moot because the plaintiff was transferred from the institution where the alleged violation took place prior to adjudication on the merits."); *see also Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (concluding that inmate's claims for declaratory and injunctive relief were rendered moot upon inmate's transfer from the prison about which he complained); *Henderson v. Martin*, 73 F. App'x 115, 117 (6th Cir. 2003) ("[A] prisoner's claim for declaratory and injunctive relief against certain prison officials [becomes] moot once the prisoner [is] transferred from the prison of which he complained to a different facility."); *Abdur-Rahman v. Michigan Dep't of Corr.*, 65 F.3d 489, 491 (6th Cir. 1995) (finding inmate's request for injunctive relief mooted upon transfer from relevant prison); *Lavado v. Keohane*, 992 F.2d 601 (6th Cir. 1993) (same). This is because an inmate's transfer or release ends the alleged violations of his or her constitutional rights, which "render[s] the court unable to grant the requested relief." *Berger v. Cuyahoga Cty. Bar Ass'n*, 983 F.2d 718, 724 (6th Cir. 1993); *Fredette v. Hemingway*, 65 F. App'x 929, 931 (6th Cir. 2003) (concluding that an

inmate's request for injunctive relief to prevent his transfer to another prison became moot upon the inmate's subsequent transfer because "the district court was unable to grant the relief requested").

"There is . . . an exception to the mootness doctrine for claims that are capable of repetition, yet evade review." *Fredette*, 65 F. App'x at 931. This narrow, capable-of-repetition exception is limited to situations in which "the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration" and "there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Id*. (internal quotation marks and citations omitted).

Applying the foregoing authority to the instant action, Plaintiff's request for declaratory and injunctive relief is moot and that the "narrow, capable-of-repetition exception" is inapplicable in this case. As set forth above, Plaintiff filed his Complaint in this case while still incarcerated at PCI. (*See generally* Compl.) His allegations relate to the alleged wrongful conduct of Defendants, PCI officials. (*Id*.) The requested declaratory and injunctive relief relate only to his conditions of confinement at PCI and Defendants' alleged wrongful conduct in that institution, *i.e.*, declaration that Defendants violated Plaintiff's rights in connection with the alleged false conduct report and RIB hearing and removal of the conduct report from Plaintiff's prison file. (*Id*. at ¶¶ 22(A), (B).) However, as previously noted, Plaintiff has been released from custody and is no longer incarcerated at PCI. Accordingly, his request for declaratory and injunctive relief are moot and there is no reasonable expectation that Plaintiff would be subject again to the same alleged unconstitutional conduct. *See Fredette*, 65 F. App'x at 931. For these reasons, it is **RECOMMENDED** that Plaintiff's claims for injunctive and declaratory relief be **DISMISSED AS MOOT**.

## C. Merits of Remaining Claims

Turning to the merits of remaining claims, Plaintiff complains that Defendants violated his due process rights. (*See generally* Compl.) Plaintiff brings his due process claims against Defendants under 42 U.S.C. § 1983, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

In order to proceed under Section 1983, a plaintiff must prove both that (1) the perpetrator acted under color of state law; and (2) the conduct deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Brandon v. Allen*, 719 F.2d 151, 153 (6th Cir.1983), *rev'd and remanded sub nom*, *Brandon v. Holt*, 469 U.S. 464 (1985). Section 1983 merely provides a vehicle for enforcing individual rights established elsewhere and does not itself establish any substantive rights. *See Gonzaga Univ. v. Doe,* 536 U.S. 273, 285 (2002).

To establish a procedural due process violation under Section 1983, Plaintiff "must show that the state deprived him or her of a constitutionally protected interest in 'life, liberty, or property' without due process of law." *Swihart v. Wilkinson*, 209 F. App'x 456, 458 (6th Cir. 2006) (quoting *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)). As applied to a prisoner, "[t]he 'Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact . . . .'" *Bazzetta v. McGinnis*, 430 F.3d 795, 804 (6th Cir. 2005) (quoting *Sandin v. Conner*, 515 U.S. 472, 478 (1995)). A prisoner is entitled to due process under the Fourteenth Amendment only when a protected liberty interest is at issue. "Without a protected liberty interest, [a prisoner] cannot successfully claim that his due process rights were

8

violated because 'process is not an end in itself.'" *Ford v. Harvey*, 106 F. App'x 397, 399 (6th Cir. 2004) (quoting *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983)).

In addition, "[f]ailing to follow proper procedures is insufficient to establish an infringement of a liberty interest." *Grinter v. Knight*, 532 F.3d 567, 574, 576 (citing *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983)). Rather, "[a]n inmate establishes a liberty interest when a change in conditions of confinement 'imposes atypical and significant hardship on [him] in relation to the ordinary incidents of prison life.'" *Williams v. Lindamood*, 526 F. App'x 559, 562 (6th Cir. 2013) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). "To determine whether changed conditions are 'atypical and significant,' a reviewing court considers both the duration and the nature of the more restrictive confinement relative to 'prison norms and to the terms of the individual's sentence.'" *Id.* (quoting *Harden-Bey v. Rutter*, 524 F.3d 789, 792–93 (6th Cir. 2008).

Here, Plaintiff alleges that Defendants violated his due process rights when they charged him with a false conduct report, failed to properly investigate, and found him guilty following a RIB hearing that Plaintiff believes was not supported by evidence. As a preliminary matter, "a prisoner has no constitutional right to be free from false accusations of misconduct." *Jackson v. Hamlin*, 61 F. App'x 131, 132 (6th Cir. 2003) (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)); *see also Fields v. Henry Cnty., Tenn.*, 701 F.3d 180, 186 (6th Cir. 2012) ("Procedural rights that do not require a particular substantive outcome cannot give rise to protected liberty interests.") (internal quotation marks and citation omitted)); *Lee v. Pauldine*, No. 1:12-cv-077, 2013 WL 65111, at *8 (S.D. Ohio Jan. 4, 2013) ("Accepting as true plaintiff's allegation that defendant Richmond filed a false conduct report against him, '[t]he act of filing false disciplinary charges does not itself violate a prisoner's constitutional rights.'") (quoting

9

*Spencer v. Wilson*, No. 6:11-00128-KSI, 2012 WL 2069658, at *6 (E.D. Ky. June 8, 2012)), *adopted*, 2013 WL 646775 (S.D. Ohio Feb. 21, 2013); *Reeves v. Mohr*, No. 4:11-cv-2062, 2012 WL 275166, at *2 (N.D. Ohio Jan. 31, 2012) ("Erroneous allegations of misconduct by an inmate do not constitute a deprivation of a constitutional right.").

In addition, to the extent Plaintiff complains about the alleged failure of Defendant Davis to investigate the conduct report, "[t]here is no statutory or common law right, much less a constitutional right, to an investigation." *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007); *see also Daniels v. Lisath*, No. 2:10-cv-968, 2011 WL 2710786, at *2 (S.D. Ohio July 13, 2011) (finding failure to investigate claim fails because there is no right to an investigation). Similarly, to the extent Plaintiff complains about Defendants' actions or inaction related to the grievance procedure, failing to follow proper procedures is insufficient to establish an infringement of a liberty interest. *See Grinter*, 532 F.3d at 574, 576. An inmate also has no constitutionally protected right to an effective grievance procedure. *Valladolid v. Michigan Dep't of Corr.*, 2017 WL 3528221, at *3 (6th Cir. Feb. 14, 2017) ("A prisoner does not have a constitutionally protected right to an effective grievance procedure."); *see also Hursey v. Anderson*, No. 16-1146, 2017 WL 3528206, at *2 (6th Cir. Mar. 31, 2017) (same); *Weatherspoon v. Woods*, No. 16–1277, 2017 WL 3923335, at *3 (6th Cir. Feb. 24, 2017) (same).

Moreover, Plaintiff has not identified a constitutionally protected liberty interest that implicates the disciplinary proceedings. He complains he was kept in isolation for thirty-two (32) days (Compl., ¶ 15), but this disciplinary isolation does not amount to an atypical or unusual hardship. *See Sandin*, 515 U.S. at 486 (finding that disciplinary segregation for 30 days was not an atypical and significant deprivation); *Brunello v. Limbalm*, No. 3:19-cv-P571-DJH, 2019 WL 4060869, at *2 (W.D. Ky. Aug. 28, 2019) ("Here, the complaint indicates that Plaintiff's

placement in some type of segregation lasted no longer than 32 days in total. In general, this length of time is insufficient to support a due process claim.") (citations omitted); *Cockshutt v. Ohio Dep't of Rehab & Corr.*, No. 2:12-cv-532, 2013 WL 6504687, at *5 (S.D. Ohio Dec. 11, 2013) ("[S]ix months in 'isolation' simply do[es] not fall within the category of punishments that courts have found to be unusual or atypical.").

Plaintiff also complains his security level was increased (Compl., ¶ 15), but "an increase in security classification . . . does not constitute an atypical and significant hardship in relation to the ordinary incidents of prison life because a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification." *Harbin–Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005) (internal quotation marks and citation omitted); *see also DeJarnette v. Shoop*, No. 2:18-cv-520, 2019 WL 257930, at *3 (S.D. Ohio Jan. 18, 2019) ("Plaintiff has no constitutionally protected liberty interest in his security classification.") (citations omitted).

Plaintiff goes on to complain that he would have been eligible to be released from prisoner earlier (Compl., ¶ 16), but he alleges no facts to support this assertion. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. In any event, to the extent that his allegations can be construed as asserting a due process violation based on a denial of an earlier parole hearing, he "must first show that he or she has a protected property or liberty interest in parole." *Settle v. Tenn. Dep't of Corn*, 487 F. App'x 290 (6th Cir. 2012) (citations omitted). "A liberty interest in parole eligibility derives only from state law." *Id.* (citations omitted). "Ohio law does not create a liberty interest in parole eligibility or release on parole." *Johnson v. Mohr*, No. 2:15-cv-86, 2015 WL 1526804, at *3 (S.D. Ohio April 3, 2015) (citing *Jergens v. State of Ohio Dep't of Rehab. and Corr. Adult Parole Auth.*, 492 F. App'x 567, 570 (6th Cir. 2012)). Because Ohio law

does not create a liberty interest in parole, Plaintiff is unable to premise a viable Section 1983 due process claim upon his allegation that the RIB's verdict impacted his parole consideration.

Plaintiff further complains that he was fired from his job at PCI, but he does not have a constitutionally protected interest in prison employment under the Fourteenth Amendment to the United States Constitution. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) ("[W]e find that the district court properly dismissed as frivolous Plaintiff's claim that he was fired from his prison job."); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (finding no constitutional right to prison employment); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) ("[N]o prisoner has a constitutional right to a particular job or to any job.").

Finally, Plaintiff complains that the "false defamatory allegations" "*can* cause me to be excommunicated from my christian [sic] congregation." (Compl., ¶ 16 (emphasis added).) In other words, Plaintiff does not allege that he was actually excommunicated from his congregation as a direct result of the alleged false conduct report; he simply speculates that he could be. (*See id.*) "[A] speculative, collateral consequence of a prison disciplinary conviction insufficient to create a liberty interest." *Hughes v. Birkett*, 173 F. App'x 448, 451 (6th Cir. 2006) (internal quotation marks and citation omitted); *cf. Twombly,* 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").

At bottom, the RIB proceeding did not implicate plaintiff's due process rights because those proceedings did not subject Plaintiff to a significant and atypical hardship. *See Sandin*, 515 U.S. at 484; *Williams*, 526 F. App'x at 562. Accordingly, Plaintiff fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). It is therefore **RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED** for failure to state a claim upon which relief may be granted.

**III.**

For the reasons set forth above, it is **RECOMMENDED** that Plaintiff's claims for injunctive and declaratory relief be **DISMISSED AS MOOT** and that Plaintiff's claims for monetary damages against Defendants in their official capacities and his remaining due process claims be **DISMISSED** for failure to state a claim upon which relief may be granted. It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and, therefore, if Plaintiff moves for leave to appeal *in forma pauperis*, that such request be denied. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling in part Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

**PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that

defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: April 7, 2020  /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
CHIEF UNITED STATES MAGISTRATE JUDGE